**BERGER, Plaintiff-Appellee v. GRANDVIEW BUILDING CO. et, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3716. Decided October 19, 1944.

Alex S Dombey, Columbus, for defendant-appellant.

C. R. Berne, Cleveland; Kenneth B. Johnston, Columbus, for plaintiff-appellee.

Geiger, J., and Montgomery, J., of the 5th Dist. sitting by designation in place of Barnes, P. J.

## OPINION

By HORNBECK, J

This is an appeal on questions of law from a judgment for plaintiff and against defendant-appellant, Grandview Theater, Inc., for $10,000.00 entered upon a verdict in plaintiff's behalf after the overruling of a motion for new trial and a motion for judgment notwithstanding the verdict.

The action originally was instituted against two defendants, The Grandview Building Company and Grandview Theater, Inc. At the time of trial the defendant, The Grandview Building Company, had been dismissed and the cause proceeded against defendant-appellant, Grandview Theater, Inc., to which we hereinafter refer as the defendant or the appellant.

The action upon a third amended petition is for damages for personal injuries suffered by plaintiff when he fell off the top of a flue wall in the theater of defendant-appellant, claimed to have been caused by the negligence of defendant.

Three contracts appear in the fact pattern in this case, all relevant, but one of which is of principal concern.

By the first contract the W. R. Rhoton Company sold to defendant certain ventilating and cooling equipment intended to provide a cooling and ventilating system for its theater and agreed to provide plans and specifications for installing same. The plaintiff was an employee and field engineer of the Rhoton Company. This contract did not contemplate the installation of the machinery sold.

By the second contract the theater company employed Mr. Morris H. Mills to install the machinery which was principally placed in a penthouse on the roof of the theater. Mills also contracted to build the penthouse. This contract made no provision for an entrance into the penthouse from inside the theater, and the third contract and the one of principal concern here, was entered into between the defendant and Mills whereby he agreed to provide the labor to build a means of reaching the penthouse from the inside of the theater. It was determined that this would be accomplished by the placing of a ladder against the flue wall at the back of the stage in the theater and extending approximately 16 feet high to the top of

the flue wall. A short distance from the top of the ladder there was built a platform above which was a trap door through which entrance by ladder could be made from the platform to the penthouse. There was not room on the platform or on the top of the flue to stand erect. There was a space from the edge of the platform nearest the ladder to the ladder, a part of the top of the flue wall, which was constructed of brick.

On the day of plaintiff's injury he and a Mr. Andrews, who also was an employee of the Rhoton Company, had come to the theater to make certain investigation upon a complaint respecting the cooling and ventilating system. As a result of this visit plaintiff and Mr. Andrews made several trips to the penthouse. Finally, it was decided that certain adjustments were necessary to the machinery in the penthouse and Andrews requested the plaintiff to go from the penthouse to the stage floor and cut off the power. In so doing, he went down to the platform and moved across the top of the flue preparatory to stepping on the ladder and descending thereby. As he moved from the platform to the ladder, on hands and knees, he placed his left hand on the top brick course of the flue. One of the bricks came loose and he fell to the floor of the theater.

Six specifications of negligence were asserted in the third amended petition, namely, negligence in permitting the flue against which the ladder was placed to remain in a known defective and dangerous condition; in maintaining the same in an unsafe, insecure and dangerous condition; in failing to inspect the flue; in permitting the plaintiff to use it when the defendant knew or should have known of its defective and dangerous condition; in causing a wooden platform to be erected on top of the flue; in failing to provide a reasonably safe method of access to and descent from the top of the flue. Defendant answered by general denial.

Ten specific errors are assigned and argued at great length in the more than 100 pages of the appellant's brief and answered at almost equal length by the briefs of appellee.

Without detailing the assignments they may be encompassed generally, as error in permitting the cause to go to the jury, under which it is asserted the plaintiff was chargeable with contributory negligence and assumed risk as a matter of law; which latter defense was not plead; that there is no proof of the agency of Mr. W. B. Ingram, manager of defendant theater, which would support a finding of notice to the defendant if imparted to Ingram; no evidence of implied notice

to defendant of any defective condition of the top of the flue wall. Other errors claimed are, refusal to withdraw from the jury the first specification of negligence of the third amended petition; error in the refusal of the Court to charge on the difference between a latent and patent defect as affecting the liability of the defendant; in refusing to charge the law of independent contractor; in refusing to charge the effect of the continuous use of the ladder by plaintiff in its then existing condition as affecting question of his negligence; in refusing to charge the jury that they could not consider any expenses or loss of salary of plaintiff in connection with his injury in arriving at the amount of their verdict; and that the verdict was excessive.

We have examined counsel's briefs which are comprehensive and complete. Have read the record and many of the cited cases.

No novel legal question is presented by this record. It is confined to issues drawn along well recognized legal principles.

Upon the factual issues the parties differed upon every material question.

The case was well tried and the jury well charged. No good purpose will be served by adding to the mass of discussion of principles which cannot control to require a reversal of this judgment because, on every question presented and discussed, with possibly one exception, to which we hereinafter refer, the plaintiff clearly had the right to have the judgment of the jury upon his case as presented to them.

We are then satisfied to say without elucidation that upon all errors assigned save one, no prejudicial error intervened against appellant.

The one development in the record upon which we have some doubt is upon the question of the right of the plaintiff to go to the jury upon the theory of constructive notice of the defective condition of the flue wall and, particularly, that part at and near the top thereof between where the ladder and the platform were placed. As we have said, we are satisfied that notice to Mr. Ingram would have been notice to the defendant company. He bore the title of manager of the theater, was actively on the job and his title connotes supervisory powers.

Mr. Mills testifies that preliminary to erecting the ladder he discussed with Mr. Ingram where it should be placed and that as a result of this discussion, and a visit to the then president of defendant company, it was determined that it

should be erected against the flue wall and that Mr. Ingram then directed Mr. Mills to go ahead. Mills also testifies that upon inspection he determined that the top of the flue wall was defective in that the bricks thereon were loose; that the mortar had become crumbly and that bricks could be lifted from the wall without any mortar whatever adhering to them; that he tore off much of the top course of bricks before completing the erection of the platform and attaching the ladder and that he told Mr. Ingram and other employees of the theater not to trust the brick work when using the ladder; that he also told Mr. Daniels of this condition but did not inform plaintiff respecting it. Of course, the testimony to which we have just alluded, if true, established actual notice to the defendant of the defective condition of the flue wall.

Upon the question of constructive notice the record is not so clear. However, it is our best judgment that upon consideration of all factors involved there was presented a question for the jury whether or not constructive notice may be imputed to the defendant company through such notice to its managing agent. The flue wall was not in good condition. Mr. Mills testified that although he merely bolted the bottom of the ladder to the brick work of the flue by drilling holes through the wall and putting bolts through it, at the top he did not consider such means of attachment sufficient and there placed a plank the width of the flue wall and affixed the ladder to the plank.

Appellant had such obligation as due care required to inspect the means of approach to the penthouse of employees of the theater and others rightfully there. It is especially significant that Mills testified on cross-examination that he could tell the condition of the wall by looking at it. It may be inferred that by reasonable inspection of one qualified to determine the fact it could have been learned that this flue wall was unsafe. Indeed there is inference to be drawn that it could have been determined upon examination by any one. So that, we conclude that the Court committed no error in submiting this question to the jury, although we frankly say that it is a close question.

However, if the matter of constructive notice was improperly submitted to the jury, it is our opinion that the two issue rule will save the verdict and judgment. In so stating, we recognize that the right to apply the rule in behalf of a plaintiff is not definitely established in Ohio.

We see no good reason why the rule should be restricted

to benefit defendants only. The plaintiff has the same opportunity as the defendant to elicit from the jury responses to any interrogatory material to any issue in a case. Here the jury rendered a general verdict upon a charge which was correct in every particular save the possible exception as to constructive notice. There is every indicia that the jury accepted the testimony of Mr. Mills, who was the only witness on the subject of notice. If so, proof of actual notice to the defendant is established. In any event, the jury had the right to so determine under the proper charge of the Court.

The disturbing case in Ohio is **Pennsylvania Co. v Miller & Company, 35 Oh St 541**, the first syllabus of which is:

"Where a verdict for the plaintiff may have been rendered upon either of two causes of action, but it does not appear upon which, a refusal to give a proper instruction on behalf of the defendant, as to either cause of action, will entitle him to a new trial."

This case has not been directly overruled. However, in **Zimmerman v Second National Bank of Bucyrus, 24 Oh Ap.48**, Judge Williams, writing the opinion, held in the fourth syllabus:

"Where favorable finding on either issue whether plaintiff was bona fide purchaser for value and whether note was obtained by fraud would entitle it to recover and no interrogatories were submitted to show on what issue general verdict for plaintiff was based, any error in refusal of requests before argument on issues other than fraud, which was properly presented, and on which verdict may have been based, will be disregarded."

This is a strong opinion and in view of the eminence of the author is entitled to much weight. He cites in support of the quoted syllabus:

State, ex rel. Lattanner v Hills, 94 Oh St 171;

Sites v Haverstick, 23 Oh St 626;

Ochsner v Cincinnati Traction Co., 107 Oh St 33;

Scioto Valley R. & Power Co. v Rutter, Admx., 112 Oh St 500.

All of these cases applied the rule in favor of a defendant but Judge Williams, at page 55 of the opinion says:

"We see no reason why it should not be applied to uphold a verdict in favor of the plaintiff, in a proper case,"

and then at considerable length states his reasons for the conclusion. The same determination was reached in the **Cleveland City Ry. Co. v Powell, 22 O. C. C. (N. S.) 305,** (see page 306), and **Waite Taxi Co. v McGrew, 16 Oh Ap 219.**

The judgment will be affirmed.

GEIGER, J., and MONTGOMERY, J., of the 5th District, sitting by designation in place of BARNES, P. J., concur.